IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA J. SCUFFLE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14cv708 |
| | ) | **Electronic Filing** |
| **WHEATON & SONS, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Plaintiff commenced this employment action pursuant to Title VII seeking redress for alleged sexual harassment, gender discrimination and retaliation. Presently before the court is defendant's motion to dismiss. For the reasons set forth below, defendant's motion will be denied.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "the court [is required] to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint fail to raise plausibly, directly or inferentially, the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Id. at

570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In contrast, pleading facts that are merely consistent with a defendant's liability is insufficient. Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949–50. See also Twombly, 550 U.S. at 563 n. 8 (factual averments must sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)).

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and that provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008).

The facts read in the light most favorable to plaintiff are as follows. Defendant hired plaintiff as a full-time administrative assistant in January of 2008. Complaint at ¶ 6. Plaintiff avers that on multiple occasions defendant's "estimator" made harassing comments about her

appearance. Id. at ¶ 7. Specifically, this employee repeatedly said that plaintiff should dress more provocatively in order to give the male employees something to look at and to please defendant's customers. Id. at ¶¶ 7, 15. Plaintiff requested the co-worker to stop, but he persisted. Id. This employee also told a customer that plaintiff "was off work because she was pregnant, which was untrue." Id. at ¶ 9. Plaintiff was subjected to similar forms of harassing conduct by other co-workers as well. Id. at ¶ 15.

Plaintiff repeatedly complained about the harassing comments to defendant's owner, Thomas Wheaton, who said he would handle the situation. Id. at ¶¶ 7, 9, 10, 16 19–20. Wheaton took no action. Id. at ¶¶ 11, 15–16, 20, 27–28.

During the fall of 2009, one or more co-workers accessed plaintiff's computer and "left pornography on it for her to view." Id. at ¶ 8. On or about December 8, 2009, plaintiff complained about being forced to view pornography to defendant's office manager, Nancy Kuhn. Id. at ¶ 8. Kuhn took no action, and plaintiff again was forced to view unwanted pornography in January of 2010. Id. Plaintiff addressed Kuhn about this offensive conduct on January 24, 2010 and reiterated that it was unwelcomed. Id. at ¶ 10. She also complained to Wheaton about the pornography at this time. Id. None of her complaints were addressed and no disciplinary investigation or action was taken as a result of her complaints. Id. at ¶ 11.

After repeatedly complaining about the offensive work environment, plaintiff was denied an annual salary increase and additional vacation time. Id. at ¶ 12. Plaintiff's comparable male counterparts received these benefits. Id.

Plaintiff initiated contact with the EEOC regarding the hostile environment at defendant's workplace. Id. at ¶ 13. Defendant then terminated plaintiff on March 19, 2010. Id.

Defendant advances a grocery list of reasons in support of its motion to dismiss. First,

3

the complaint fails to establish that defendant is an "employer" under Title VII. Second, it does not plead that the identified sexual harassment was sufficiently severe or pervasive to alter the conditions of employment. Third, there is no basis to believe that any adverse employment action was predicated on discriminatory animus. Fourth, plaintiff fails to identify events that will support an inference that retaliatory action was taken in response to prior protected activity. Fifth, plaintiff's charge with the EEOC did not specifically assert that she had been subjected to unjust scrutiny and isolation after complaining about the hostile environment. Finally, defendant asserts that its conduct was not sufficiently egregious to support a punitive damages award.

Plaintiff contends that her complaint sets forth sufficient facts to make a plausible showing of entitlement to relief and each of defendant's arguments must await summary judgment.

Plaintiff's complaint adequately pleads that defendant is an "employer" under Title VII. An employer is defined under Title VII as having at least fifteen "employees." 42 U.S.C. § 2000e. But Title VII's "fifteen or more employee threshold requirement [is] not jurisdictional; rather, it is a 'substantive element (whether an 'employer' exists) of a Title VII claim.'" Carr v. Borough of Elizabeth 121 Fed.App'x. 459, 460 (3d Cir. 2005) (quoting Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3d Cir. 2003)). In determining whether an employer meets the fifteen or more employee requirement, the court does not apply "a Rule 12(b)(1) standard, which allows a tribunal to inquire into the facts without viewing the evidence in the light most favorable to the nonmoving party." Id. (citing Nesbit, 347 F.3d at 76–77). Instead, this issue must be resolved under the summary judgment standard. Id.; accord Nesbit, 347 F.3d at 84 ("the District Court…should have resolved the issue under the summary judgment standard rather than as a motion for judgment on the pleadings.").

4

It is beyond reproach that at this juncture plaintiff is not required to plead evidence proving that defendant is an "employer." Alleging that defendant is a Title VII employer is an assertion of fact that is sufficient for pleading. Plaintiff avers that defendant was an employer pursuant to Title VII. Defendant has control of the information needed to prove that it does not meet that definition. Because it reasonably can be inferred that defendant is an "employer" under Title VII, defendant's motion to dismiss on this score must be denied.

Second, the complaint states a prima facie claim of sexual harassment. To establish a prima facie case of sexual harassment under Title VII, a plaintiff must show that: (1) the employee suffered intentional discrimination because of her sex, (2) the discrimination was regular and pervasive, (3) the discrimination detrimentally affected the employee, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position and (5) the existence of *respondeat superior* liability. Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 276–77 (3d Cir. 2001).

Defendant asserts that the complaint fails to supply adequate detail about the pervasiveness of the alleged harassment. But a hostile work environment claim generally happens over a period of time and "cannot be said to occur on any particular day." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002). Accordingly, a complaint is not required to identify with specificity every single date and location when conduct contributing to a violation of Title VII in this manner occurs; instead "the complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Wilkerson v. New Media Technology Charter School, Inc., 522 F.3d 315, 321 (3d Cir. 2010) (citations omitted) (quoting Phillips, 515 F.3d at 235) (citations omitted).

Here, plaintiff alleges several instances of harassment. She alleges that co-workers made harassing comments to her on "multiple occasions" and made sexist comments to a customer. These comments included statements that plaintiff should "dress more like a woman" in order to please male employees and customers. They also included comments about plaintiff being pregnant. Plaintiff avers that pornography was placed on her computer on multiple occasions. Plaintiff is not required to plead every incident of harassment. The identified incidents are sufficient to give defendant fair notice of the harassing work environment being asserted and to raise a reasonable expectation that discovery will reveal the necessary elements of her claim. Consequently, plaintiff's complaint sets forth a plausible claim for hostile work environment.

Defendant's contention that plaintiff's complaint does not aver that the conditions of her employment became sufficiently abusive equally is unavailing. The Supreme Court has reiterated that "sexual harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." Clark County School Dist. V. Breeden, 532 U.S. 268, 270 (2001); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). Conduct which amounts to the "ordinary tribulations of the workplace" is beyond the purview of Title VII. Faragher v. City of Boca, 524 U.S. 775, 788 (1998). Conduct becomes actionable only where it has become sufficiently "extreme to amount to a change in the terms and conditions of employment." Faragher, 524 U.S. at 788.

In this regard, "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not be sufficient to advance a hostile work environment claim. Faragher, 524 U.S. at 788 (internal quotations and citations omitted). Such conduct does not rise to the level of a change in the terms and conditions of employment. Id. In contrast, the

"pervasive use of derogatory and insulting terms relating to women generally and addressed to female employees personally may serve as evidence of hostile environment, as may posting of pornographic pictures in common areas and in plaintiffs' personal work spaces." <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1485 (3d Cir. 1990). Indeed, "[o]bscene language and pornography quite possibly could be regarded as 'highly offensive to a woman who seeks to deal with her fellow employees and clients with professional dignity and without the barrier of sexual differentiation and abuse.'" <u>Id.</u> at 1485-86 (quoting <u>Bennett v. Corroon & Black Corp.</u>, 845 F.2d 104, 106 (5th Cir. 1988)).

Plaintiff sufficiently implies that the harassment created an abusive environment. She was subject to harassing comments made by male employees on multiple occasions and pornography repeatedly was placed on her computer. She complained to upper management a number of times and nothing was done. She purportedly suffered great embarrassment, humiliation and mental and physical anguish as a result of this conduct. Complaint at ¶ 22. These allegations are more than sufficient to raise the inference that the harassment went beyond the ordinary tribulations of the workplace.

Third, the complaint states a claim for disparate treatment. There is no talismanic formula for presenting a prima facie case. <u>Jones v. School District of Philadelphia</u>, 198 F.3d 403, 411 (3d Cir. 1999) ("the elements of a prima facie case depend on the facts of the particular case"). The relevant inquiry is whether the plaintiff has suffered an adverse employment action under circumstances which raise an inference of unlawful discrimination. <u>Waldron v. SL Industries, Inc.</u>, 56 F.3d 491, 494(3d Cir. 1995).

In general, a plaintiff may establish a prime facie case of disparate treatment by demonstrating that (1) she is a member of a protected class, (2) she was qualified for the

7

position, (3) she suffered an adverse employment action, and (4) the circumstances raise an inference of discrimination, such as where similarly situated individuals outside the protected class were treated more favorably. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002); see also Sheridan v. E. I. DuPont de Nemours & Co., 100 F.3d 1061, 1066 n. 5 (3d Cir. 1996) (en banc), cert. denied, 521 U.S. 1129 (1997) (discussing nature and purpose of prima facie case). The central focus of the inquiry is always whether the employee is being treated less favorably because of race, religion, sex or national origin. Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 352 (3d Cir. 1999) (quoting International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977)). The plaintiff ultimately must be able to produce "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." Id. at 355 (quoting O'Connor v. Consolidated Coin Caterer's Corp., 517 U.S. 308, 312 (1996)).

Here, plaintiff has advanced a prima facie case of disparate treatment. She is a female and therefore a member of a protected class. Defendant hired her for this position, and thus she was qualified for it. Finally, plaintiff suffered an adverse employment action under circumstances that give rise to an inference of discrimination. She was denied annual salary and vacation time increases that were given to her comparable male counterparts. A prima facie case of disparate treatment has been stated.

Fourth, defendant's challenge to plaintiff's retaliation claim is misplaced. Defendant asserts that plaintiff's claim lacks the necessary causal connection between any protected conduct and the adverse employment action. Plaintiff responds that her initial contact with the EEOC was protected activity and provides the necessary causal link to proceed on this claim. A prima facie case of retaliation requires the plaintiff to proffer evidence demonstrating the

following: "(1) she engaged in conduct protected by Title VII; (2) after or contemporaneous with engaging in that conduct, her employer took an adverse action against her; (3) the adverse action was 'materially adverse'; and (4) there was a causal connection between her participation in the protected activity and the adverse employment action." Hare v. Potter, 220 Fed. Appx. 120, 127 (3d Cir. 2007).

It is settled that protected activity under Title VII extends well beyond the formal filing of charges with the EEOC. In Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc., the court reiterated:

> We have previously recognized that protected opposition conduct includes more than [the] formal filing of charges before the EEOC. Indeed, in Barber we cited with approval the Second Circuit's language in Sumner v. United States Postal Service, in which the court held that Title VII's opposition clause is triggered by formal EEOC proceedings "as well [as] informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or society in general, and expressing support for co-workers who have filed formal charges." When deciding whether a plaintiff has engaged in opposition conduct, we look to the message being conveyed rather than the means of conveyance.

450 F.3d 130, 135 (3d Cir. 2006) (internal citations omitted).

In order to present the claim to a jury the record ultimately must contain sufficient evidence from which the finder of fact can causally link the materially adverse action to the alleged retaliatory animus. Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003); Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Where a challenge is raised to causation, two central factors generally are brought into play: (1) the "temporal proximity" between the protected activity and the alleged retaliation and (2) the existence of any "pattern of antagonism in the intervening period." Jensen v. Potter, 435 F.3d 444, 450 (3d Cir. 2006) (quoting Abramson v. William Paterson Coll. of New Jersey, 260 F.3d 265, 288 (3d Cir. 2001) and Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997)). "Timing alone raises the requisite inference when it is 'unusually suggestive of retaliatory motive.'" Id. (quoting

Krouse v. American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir.1997)). "[B]ut even if 'temporal proximity…is missing, [it is appropriate to] look to the intervening period for other evidence of retaliatory animus.'" Id. This is because the motivation of any individual is a question of fact, the resolution of which cannot be reduced to an application of one particular formula or another. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 286 (3d Cir. 2000); Moore v. City of Philadelphia, 461 F.3d 331, 346 (3d Cir. 2006). Thus, where the issue of the legal sufficiency of the evidence on causation has been raised, it is important to consider all of the proffered evidence as a whole to determine whether it "may suffice to raise the inference." Jensen, 435 F.3d at 450 (quoting Farrell, 206 F.3d at 280 and citing in support Kachmar v. SunGard Data Systems, Inc., 109 F.3d 173, 178 (3d Cir.1997) ("The element of causation, which necessarily involves an inquiry into the motives of an employer, is highly context-specific.")).

Plaintiff's allegations indicate she engaged in the following protected conduct: she complained to defendant regarding co-workers making harassing comments and placing pornography on her computer, and she contacted the EEOC. Plaintiff's averments also identify multiple forms of adverse employment action: defendant refused to increase her annual salary and vacation time, but did so for her comparable male counterparts and she was terminated after complaining about the work environment. Plaintiff's employment with defendant lasted about two years. All of her complaints to defendant occurred within the last four months. While Plaintiff does not specifically provide the dates on which defendant refused to give her annual salary and vacation time increases, it reasonably can be inferred that this event occurred shortly after she began complaining about the abusive environment. Similarly, while plaintiff merely references her filing of charges with the EEOC, which occurred after she was terminated, it reasonably can be inferred that defendant was aware of her contact or intent to contact the

EEOC. The structure and sequence of her allegations clearly imply that defendant was aware of her intent to follow through on her mounting complaints about the hostility of the workplace. While plaintiff's allegations are not a model for the optimal level of factual content, they are enough to raise an inference that evidence of a causal connection will be generated. Consequently, the right to relief has been raised to a plausible level.

Plaintiff may proceed with the contention that she was subject to unjust scrutiny and isolation for complaining about the work environment notwithstanding that these specific phrases were not set forth in her formal EEOC Charge. Before filing an employment discrimination claim under Title VII, "a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC." Twillie v. Erie Sch. Dist., 575 F. App'x 28, 30–31 (3d Cir. 2014). "The ensuing suit is limited to claims that are within the scope of the initial administrative charge." Id. (citing Antol v. Perry, 82 F.3d 1291, 1295–96 (3d Cir.1996)). "[O]nly those acts alleged that are 'fairly within the scope of the prior administrative complaint, or the investigation arising therefrom' are considered to have been exhausted." Spindler v. Se. Pennsylvania Transp. Auth., 47 F. App'x 92, 94 (3d Cir. 2002) ((quoting Antol, 82 F.3d at 1295 (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984) (*per curiam*))). In other words, "the 'parameters of a civil action in the District Court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission.'" Anjelino v. New York Times, Co., 200 F.3d 73, 94 (3d Cir. 1999) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976)).

Plaintiff's allegations of unjust scrutiny and isolation did not have to be specifically set forth in her EEOC charge. They merely must have been fairly within the scope of it. Plaintiff's

11

prior complaint includes assertions she was subjected to sexual harassment in the workplace and disparate and retaliatory treatment that included the denial of benefits and termination. An EEOC investigation into the employment environment would have encompassed any unjust scrutiny and isolation. Defendant concedes that Plaintiff's EEOC charge identifies three specific retaliatory acts. It is clear that being subject to unjust scrutiny and isolation are forms of conduct within the same context and course of conduct as being treated differently from the male counterparts and ultimately terminated. Consequently, plaintiff's identification of unjust scrutiny and isolation are forms of retaliatory conduct fairly within the scope of her EEOC Charge and defendant's motion to dismiss on this issue must be denied.

Finally, plaintiff's complaint sets forth sufficient facts to support a request for punitive damages. Punitive damages under Title VII may be recovered when a plaintiff demonstrates that the defendant engaged in intentional discrimination "with malice or with reckless indifference to the federally protect rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). In Kolstad v. American Dental Association, the Supreme Court held that punitive damages may be recovered in Title VII cases involving intentional discrimination "'where the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices *with malice or with reckless indifference to the federally protected rights of an aggrieved individual.*'" 527 U.S. 526, 534 (1999) (quoting 42 U.S.C. § 1981a(b)(1)) (emphasis in original). In other words, an employer can be liable for punitive damages for its employee's actions if: (1) its agent was employed in a position of managerial capacity; (2) the agent acted within the scope of employment; and (3) the agent acted with malice or reckless indifference towards a federally protected rights. Kolstad, 527 U.S. at 535–45.

Here, plaintiff has alleged facts setting forth a plausible showing that defendant was aware of the harassing and discriminatory conduct and failed to respond to the situation. Furthermore, it is averred that defendant itself disparately denied plaintiff an increase in annual salary and vacation time and terminated her after she raised complaints about the work environment. Plaintiff's facts as alleged raise a reasonable expectation that discovery will lead to evidence supporting an inference that defendant engaged in intentional discriminatory conduct in violation of Title VII or was recklessly indifferent to plaintiff's federally protected rights thereunder. Consequently, the request for punitive damages is authorized by Title VII's remedial scheme.

For the reasons set forth above, defendant's motion to dismiss will be denied. An appropriate order will follow.

<u>Date: March 18, 2015</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc: Robert B. Woomer, Esquire
David B. Chontos, Esquire

(*Via CM/ECF Electronic Mail*)